IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cr-10029-STA-1 |
| ) | |
| DONTAVIOUS BOND, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY AND EXCLUDE EXPERT WITNESS**

Before the Court is Defendant's Motion to Compel Discovery and Exclude Expert Witness (ECF No. 31) filed on September 16, 2022. For the following reasons, the Motion is **GRANTED IN PART**.

**BACKGROUND**

On April 11, 2022, Defendant was indicted on charges of knowingly possessing a firearm (the "Firearm") and ammunition (the "Cartridges") after having been convicted of a crime punishable for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (ECF No. 3). On September 16, 2022, the Government filed a Notice of Expert Testimony stating that Kelly Schrotberger is a Forensic Firearms and Tool Mark Examiner who is trained to examine forensic tool markings on cartridge casings and bullets to determine whether a specific casing was fired by a specific firearm. The Notice further stated that Schrotberger will testify that the Cartridge casings collected in this case match test-fired cartridge casings from the Firearm. Schrotberger's report and his *curriculum vitae* were attached to the Notice. The report explains that the Cartridge casings

1

"were microscopically examined in conjunction with one another and" the Firearm.  The report further explains that "[b]ased on class characteristics and sufficient agreement in individual characteristics it was discovered [the Cartridges] were all fired from [the Firearm]."

## STANDARD OF REVIEW

Upon a defendant's request, "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Cr. P. 16(a)(1)(G).  If the government fails to comply with Rule 16(a)(1)(G), the Court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Cr. P. 16(d)(2).

## ANALYSIS

Defendant brings this Motion under Rule 16 to exclude Schrotberger's testimony or compel the Government to allow inspection of his notes, procedures, or other items associated with his examination of the Cartridges and Firearm.  As grounds for his Motion, Defendant asserts that Schrotberger's report disclosed by the Government fails to adequately explain the bases and reasons for his opinion that the Cartridges were fired from the Firearm.  He further asserts that Schrotberger's *curriculum vitae* is insufficient because it does not list his prior publications and testimony.  Defendant is correct on his first point, but incorrect on his second.

First addressing Defendant's assertion that Schrotberger's *curriculum vitae* is insufficient, that argument is unpersuasive.  As Defendant points out in his own Motion, Rule 16 does not

currently require disclosure of prior publications and testimony, though it will once the recently approved amendment to Rule 16 takes effect on December 1, 2022.  Moreover, the Government explains in its Response to Defendant's Motion that Schrotberger has no prior publications, and that he has previously testified as an expert in forensic firearms examination in Jackson Municipal Court, Madison County General Sessions, Division II, and Madison County Circuit Court.

However, Defendant is correct that Schrotberger's report fails to adequately explain the bases and reasons for his opinion that the Cartridges were fired from the Firearm.  "Forensic toolmark identification is a discipline that is concerned with the matching of a toolmark to the specific tool that made it.  Firearm identification is a specialized area of toolmark identification dealing with firearms."  *Ricks v. Pausch*, No. 17-12784, 2020 WL 1491750, at *8 (E.D. Mich. Mar. 23, 2020) (internal quotation marks omitted).  "The subset of toolmark analysis focused on firearms is concerned with matching the marks that are transferred to the surface of ammunition – bullets or cartridge casings – when a firearm is discharged to a specific firearm."  *Id.*

> There are three types of characteristics [or marks] observed by firearms examiners:
>
> (1) Class characteristics: i.e., the weight or caliber of the bullet, the number of lands and grooves, the twist of the lands and grooves, and the width of the lands and grooves, that appear on all bullet casings fired from the same type of weapon and are predetermined by the gun manufacturer;
>
> (2) Individual characteristics: unique, microscopic, random imperfections in the barrel or firing mechanism created by the manufacturing process and/or damage to the gun post-manufacture, such as striated and/or impressed marks, unique to a single gun; and
>
> (3) Subclass characteristics: characteristics that exist, for example, within a particular batch of firearms due to imperfections in the manufacturing tool that persist during the manufacture of multiple firearm components mass-produced at the same time.

*Id.* at *8-9.  Schrotberger's report explains only that he microscopically examined the Cartridge casings in conjunction with the Firearm and that there is "sufficient agreement" between the class

characteristics and individual characteristics of the Cartridge casings and those test-fired by the Firearm to conclude the Cartridges were fired from the Firearm. His report does not explain what those characteristics are or what the "agreement" between them is. It does not include any photographs of those characteristics. It does not include any notations, measurements, or any other information Schrotberger used in arriving at his conclusion. If Defendant hired his own forensic firearms expert, he or she would not be able to analyze the steps that led Schrotberger to conclude the Cartridges were fired from the Firearm. *See United States v. Davis*, 514 F.3d 596, 613 (6th Cir. 2008). In short, the report is a mere summary of Schrotberger's conclusions. Such a report is insufficient under Rule 16.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**. The Government is **DIRECTED** to disclose to Defendant photographs, notations, measurements, or other information sufficient to explain the bases and reasons for Schrotberger's opinion that the Cartridges were fired from the Firearm within seven days from entry of this Order. The Government is cautioned that failure to comply with this Order may result in Schrotberger's testimony being excluded at trial.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE
Date: October 17, 2022.